IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| V. | § | Cr. No. C-00-209 (1) |
| | § | |
| ABEL GONZALES. | § | |

## **ORDER**

On July 15, 2005, the Clerk received from Defendant Abel Gonzales a "Motion to Suppress Gun Enhancement From Record to Allow Petitioner the Opportunity to Receive Drug Treatment With Credit Time." (D.E. 39). The motion is pending before the Court and is addressed herein.

Additionally, the docket sheet for this case reflects that Gonzales also filed a motion on July 29, 2003, seeking "jail time credits," or a ruling that his federal sentence should run concurrent with his state sentence. (D.E. 38). It does not appear from the docket that the motion was ever resolved. Accordingly, the Court also addresses that motion herein.

### **I. BACKGROUND**

After pleading guilty to one count of the two count indictment against him, Gonzales was sentenced by this Court on October 27, 2000, and judgment was entered against him on November 2, 2000. (D.E. 19, 21). Gonzales appealed and his appeal was subsequently dismissed for want of prosecution. (D.E. 20, 34). While his appeal was pending, Gonzales filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. (D.E. 26, 27). After his appeal was dismissed (D.E. 34), this Court denied his § 2255 motion. (D.E. 35). Final judgment entered on August 16, 2001. (D.E. 36). The two motions addressed herein followed.

## II. ANALYSIS

**A.     Motion for Jail Time Credits**

In his motion filed July 29, 2003, Gonzales, explains that he is not being given credit against his federal sentence for time spent in state custody after his federal sentencing, despite the fact that a later-imposed state sentence was ordered to run concurrently with his federal sentence. (See generally D.E. 38). He requests that the Court "adjust" his time served to reflect 842 additional days of jail time credit. Alternatively, he argues that the Court should amend its judgment to reflect that his federal and state sentences should run concurrently. He raised this identical argument in his § 2255 motion, and the Court addressed and expressly rejected it. (See D.E. 27; D.E. 35). For the reasons set forth in that Order, his motion for credit is DENIED. (See D.E. 35).

To the extent that Gonzales is challenging the BOP's computation of his sentence and release date, the proper vehicle for seeking such relief is a petition for habeas corpus, pursuant to 28 U.S.C. § 2241. See Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000)(a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is the appropriate vehicle in which "a sentenced prisoner attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration")(citations omitted); United States v. Gabor, 905 F.2d 76, 77-78 n.2 (5th Cir. 1990); United States v. Garcia-Gutierrez, 835 F.2d 585, 586 (5th Cir. 1998)(holding that claims for sentence credit to federal sentences are properly brought pursuant to § 2241). See also Leal v. Tombone, 341 F.3d 427, 429 (5th Cir. 2003)(analyzing claim for credit to sentence under § 2241).

Even if Gonzales' motion were construed as a § 2241 motion, he has not shown that he has exhausted his administrative remedies. The law requires that a defendant exhaust available administrative remedies through the Bureau of Prisons before litigating in federal court the matter of

computation of sentence. United States v. Wilson, 503 U.S. 329, 335, 112 S. Ct. 1351, 1355 (1992). Gonzales' motion does not allege that he has exhausted his administrative remedies, and he would need to so allege in any § 2241 petition he files.

**B.     Motion to Suppress Gun Enhancement**

In his more recently filed motion, Gonzales requests that the Court "suppress" from the record his gun enhancement. (See D.E. 39). The Court recommended at sentencing that he participate in an intensive drug treatment program while in the custody of the BOP. (Sentencing Transcript ("S. Tr.") at 106). He alleges that, as a result of the Court's finding that a firearm was possessed in connection with the offense, he is precluded from receiving any time credit for taking the drug course.

In support of his request, Gonzales states that the Court recommended that he receive "credit for participation" in drug treatment. He further avers that this Court did not know at the time of sentencing that a gun enhancement would put in jeopardy his right to receive the time credit for taking the drug course.

Gonzalez's factual claims find no support in the record. In fact, the Court did not make any mention at all of whether Gonzalez should receive "credit" for participation in such a program. Rather, the only discussion at sentencing regarding a recommendation for drug treatment was the following exchange between the Court and defendant's counsel:

THE COURT: Do you think your client would be eligible for –

MR. PENA: We have –

THE COURT: – intensive drug treatment in the Bureau of Prisons?

MR. PENA: Yes, Your Honor.

THE COURT: I'll make that recommendation.

S. Tr. at 106. Nothing in that exchange indicates an intent by the Court to recommend that he receive a reduced sentence for participation in drug treatment, only that he receive the treatment. Thus, his claim that the Court ordered he receive credit for participation is not supported by the record.

In any event, the relief Gonzales requests is not available. In his motion, Gonzales emphasizes that he is not questioning the accuracy of the gun enhancement, nor seeking a reduced sentence. Rather, he is requesting that the records not reflect the gun enhancement, so that the BOP will consider him eligible for credit to his sentence for drug treatment. (D.E. 39 at 2).

The Court cannot envision any legal method, nor has Gonzales identified any authority, allowing it to "suppress" or somehow hide the gun enhancement information from Gonzales' case file. The Court found that Gonzales' sentence should be enhanced based on his use of a gun, and his sentence was so enhanced. If that finding of fact renders him ineligible to receive credit for participation in the BOP's drug plan, then that is simply a natural consequence of the Court's findings. It is not a basis or justification to alter Gonzales' records.

Moreover, even if the Court had made an explicit recommendation that he receive the credit against his sentence, the decision as to whether to award such credit is the BOP's to make, not this Court's. That is, it is ultimately the BOP's decision as to whether to find Gonzales eligible for the early release that drug treatment sometimes warrants. See 18 U.S.C. § 3621(e)(2)(B) ("The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced *by the Bureau of Prisons*, but such reduction may not be more than one year from the term the prisoner must otherwise serve")(emphasis added). As the Supreme Court has said, § 3621(e)(2)(B) grants the *Bureau of Prisons* the discretion to determine which inmates receive the benefit of early release. Lopez v. Davis, 531 U.S. 230, 121 S. Ct. 714 (2001).

For all of the foregoing reasons, Gonzales's motion to suppress the gun enhancement is DENIED.

### III. CONCLUSION

For the foregoing reasons, Gonzales' motion for jail time credits (D.E. 38) is DENIED. Additionally, his motion to suppress gun enhancement (D.E. 39) is DENIED.

ORDERED this 7th day of September 2005.

_____
Janis Graham Jack
United States District Judge